## BONIN v. NATIONAL LIFE & ACCIDENT INS. CO.*

### No. 16163.

Court of Appeal of Louisiana. Orleans.

Jan. 27, 1936.

F. Carter Johnson, Jr., of New Orleans, for appellant.

Titche & Titche and Robt. E. Friedman, all of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Lydia Bonin, the beneficiary designated in a policy of industrial life insurance, claims of defendant the proceeds of the said policy, alleging that, although the insured, Alderiese Bonin, has died, and though claim and proof of death have been duly filed, payment has been refused by the defendant company.

It is admitted that the policy was issued, that all premiums were duly paid, that the insured has died and that claim has been duly made and rejected. But it is averred by defendant that the death resulted from myocarditis, nephritis, and fibroid tuberculosis, and that the insured was suffering from the said ailments prior to the issuance of the policy, and it is contended that, by reason of this and because of a certain provision in the policy, there is no liability except for the return of the premiums which have been paid.

The policy provision referred to reads as follows: "2. No obligation is assumed by the Company prior to the date hereof. If the insured is not alive or is not in sound health on the date hereof; or if before the date hereof, the Insured has been rejected for insurance by this or by any other Company, order or association, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection or previous disease is specifically recited in the 'Space for Endorsements' in a waiver signed by the Secretary, then, in any such case, the Company may, within the contestable period, declare this policy void and the liability of the Company shall be limited to the return of premiums paid on the Policy."

Plaintiff maintains that the question of whether the insured had suffered from any of the specified diseases prior to the issuance of the policy is immaterial because of the defendant's failure to require a medical examination of the insured prior

---

*Rehearing denied Feb. 10, 1936.

to the issuance of the policy, it being asserted that, because of the interpretation placed by the Supreme Court of Louisiana upon Act No. 97 of 1908 in Eagan v. Metropolitan Life Ins. Co., 181 La. 16, 158 So. 575, defendant, having failed to exercise reasonable diligence to ascertain the true condition of the said applicant's health, must be presumed to have known of the said diseases, assuming that they existed, and must be assumed to have waived any right to forfeit the policy on the ground of the prior existence of those diseases.

Counsel for defendant concedes that the exact question which is now under discussion was considered by the Supreme Court in the Eagan Case, but maintains that that decision need not now be considered as controlling because of the enactment by the State Legislature of an amendment to Act No. 97 of 1908, the said amendment being found in Act No. 134 of 1934, which reads as follows:

"Section 1. Be it enacted * * * That Act 97 of 1908 be amended and re-enacted by adding an additional section to be known as Section 2, which shall read as follows:

" 'Section 2. Nothing in this Act shall be construed to require an insurance company to cause a medical examination of an applicant to be made before issuing a policy.' "

It is argued that the decision in the Eagan Case must be interpreted as holding that in no case can it be contended that due diligence to ascertain the true condition of health of the applicant has been exercised, unless a medical examination has been made, and from this it is in turn contended that that decision is in effect a declaration that no such policy may be issued unless there has been such examination. We are urged by counsel for defendant to view the amendment of 1934 as an attempt by the State Legislature to avoid, in future cases, the result reached by the Supreme Court in the Eagan Case and as a declaration that the due diligence referred to in the statute has been exercised if, without medical examination, the agent of the insurer has done all that may be reasonably expected of a layman who desires to ascertain the true condition of an applicant's health.

It is true that the amendment specifically provides that the statute, as originally enacted, shall not "be construed to require an insurance company to cause a medical examination of an applicant to be made before issuing a policy," but we believe it to be equally true that the interpretation placed upon the act by the Supreme Court cannot be construed as requiring that, in all cases, there must be a medical examination. As we read that decision, it merely declares that, where it is reasonably possible to have a medical examination made, the failure to require it must be considered as a failure to exercise reasonable diligence. There may be many situations in which it is not reasonably possible to require a medical examination. In such cases, if the agent has done all else that may be reasonable to ascertain the true facts, then such reasonable diligence as is contemplated by the act will be held to have been exercised. Then, too, even where a medical examination is reasonably possible, the interpretation placed upon the act by the Supreme Court does not require that such examination be made. It merely provides that where the insurer fails to require such examination it shall accept the consequences of such failure.

But, in determining that the amendment was not enacted as a consequence of the decision of the Eagan Case and as an attempt by the legislature to avoid in future cases the result reached in that case, we are, above all else, influenced by the fact that the Eagan decision was not rendered until after the said amendment had been enacted. The amendment was approved by the Governor of the state on July 18, 1934, whereas the Eagan Case was not decided by the Supreme Court until November 26, 1934.

We find no contention here that it would have been beyond the realms of reasonable possibility to have required a medical examination, and, since the deceased, according to the allegations of the petition, died in this city and was buried in this city, it must be assumed, in the absence of proof to the contrary, that such medical examination would have been reasonably possible. Therefore, in the absence of such examination, we cannot do otherwise than follow the decision of the Supreme Court reached in the Eagan Case and hold that, since defendant has not shown the exercise of due diligence in attempting to ascertain the true condition of the applicant's health before the issuance of the policy, it cannot now be permitted to present the defense that the applicant was suffering from any of the enumerated diseases.

The judgment appealed from is affirmed.

Affirmed.